UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Michael Anderson Balentine
Plaintiff

v.

Corrections Officers Jane Red and Jane Blonde, and Corrections Supervisor Doe, Midstate Correctional Facility, in their Individual + Official Capacities.    Defendants

Complaint

Civil Action No. _____

Jury Trial Demanded

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
MAR 24 2022
AT____O'CLOCK____
John M. Domurad, Clerk - Syracuse

## I. COMPLAINT

Plaintiff, Michael Anderson Balentine, Pro Se, for his complaint states as follows:

## II. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff was confined at the Midstate CF, P.O. Box 2500, 9005 Old River Road, in the town of Marcy and State of New York from about 12/19/21 through 3/1/22. He is currently confined at Mohawk CF, 6514 Route 26, P.O. Box 8451, Rome, NY, 13442.

2. Plaintiff is, and was at all times relevant herein, an adult citizen of the United States and a resident of New York State. Plaintiff is Pansexual and identifies as Gender Non-Binary. Plaintiff's incarceration is a result of a conviction for violating NY Penal Law §263.15.

3. Defendant Jane Red was at all relevant times herein a corrections officer at Midstate CF and was working the 4E housing unit on 12/27/21. She has red hair and numerous tattoos.

-1 of 7-

4. Defendant Jane Blonde is the same, except that she worked 4-F and has blonde hair and glasses, but no (or no noticable) tattoos.

5. Defendant Supervisor Doe is the Correctional Supervisor at Midstate CF whose primary function is Housing Unit Supervisor.

6. This action arises under and is brought pursuant to 42 U.S.C. §1983 to remedy the deprivation, under color of state law, of rights guaranteed by the 8th and 14th Amendments to the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

7. Plaintiff's claims for injunctive relief are authorized by Rule 65 of the Federal Rules of Civil Procedure.

8. This cause of action arose in the Northern District of New York, and venue is therefore proper under 28 U.S.C. §1391(b).

## III. PREVIOUS LAWSUITS BY PLAINTIFF

9. Plaintiff has filed no other lawsuits dealing with the same facts involved in this case or otherwise relating to this part of his imprisonment.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff timely filed a Grievance relating to these facts on 1/2/22. However Midstate CF refused to log it and did not allow Plaintiff

to proceed with it according to the provisions of DOCCS Directive 4040. Plaintiff wrote on 3 subsequent occasions to the Midstate IGRC attempting to obtain the log number and/or file new Grievances. Midstate CF staff denied receiving the Grievances and then retaliated against Plaintiff for the attempts by taking such actions as depriving him of food, assaulting him, and thwarting/stopping his outgoing mail. Thus, the Grievance process was rendered unavailable to him. Now that Plaintiff is at a different prison, the statute of limitations for filing a Grievance about these issues is passed - including the potential extension for it of 24 additional days. (See DOCCS Directive #4040.)

## V. STATEMENT OF CLAIM

11. At all relevant times herein, Defendants were "persons" for purposes of 42 U.S.C. §1983 and acted under color of law to deprive Plaintiff of his Constitutional rights, as set forth more fully below.

## VI. STATEMENT OF FACTS

12. On 12/27/21, Plaintiff was ordered to move from the "reception" unit, 27-2E, to 4E. Upon arrival, Plaintiff was confronted by Jane Red in the presence of Jane Bland.

Jane Red allowed an i/i to enter 4E ahead of Plaintiff but then told Plaintiff to "Back up." Plaintiff complied. Jane Red asked Plaintiff what he was in prison for and he answered her truthfully. Jane Red then yelled at Plaintiff that he was a "faggot rapo

- 3 of 7 -

freaks" and would not be allowed to live on 4E. She then asked Plaintiff if he had ever "been on the wall" before; Plaintiff indicated that he had.

Jane Red then ordered Plaintiff "on the wall" and he complied. She began to pat-frisk Plaintiff and yelling at him while she did so that "faggot rapos" were not allowed to live on 4E. Plaintiff tried to say that he would ask a Sergeant for PC, but Jane Red interrupted him by kicking him very hard in the left shin.

Plaintiff nearly fell, but caught himself and remained "on the wall." Jane Red then screamed at him that "[SHE] would [be the one to] tell the Sergeant [he] couldn't live [there]," and then slapped Plaintiff in the face twice. The second time, Plaintiff's glasses were knocked off and fell on the floor, being damaged. Jane Red then ordered Plaintiff to "stay the fuck on the wall."

Jane Blonde observed all of this behavior and did not intervene. She said to Jane Red, "I don't understand why they keep sending these fucking guys here." After this, a Sergeant escorted Plaintiff out of 4-Block and directed him to go to 1-Block.

Supervisor Doe is responsible for the placement of i/i's in Midstate CF and how they are treated by Housing Unit Officers. He/she has created and maintained a custom or policy of allowing and also encouraging the behaviors exhibited by Jane Red and Jane Blond. He is thus liable for their misconduct and for Plaintiff's injuries

both physical and mental/emotional.

Plaintiff was injured by the actions of Jane Red and Jane Bland. His leg incurred a huge bruise which did not go away for several weeks; he experienced severe pain and had difficulty walking. The slaps to his face also caused pain, and Plaintiff's glasses were damaged. They no longer fit correctly after the assault and battery. Both of the assaults caused Plaintiff to fear for his life and safety and have caused recurring nightmares. Plaintiff has also undergone a loss of trust and faith in corrections officers which has caused him to prefer criminality over honesty, as far as his outlook on life is concerned.

## VII. PRAYER FOR RELIEF

13. Plaintiff requests an order declaring that ili's who are LGBTQ+ or stand convicted of SORA crimes should never be overseen by officers without special sensitivity training pertaining to those topics, nor should they be required to live independently of that same class without expressed, written consent.

14. Plaintiff requests an injunction permanently barring him from being held at MidState CF until and unless a full-coverage audiovisual surveillance system is installed and maintained facility-wide, and another of such order terminating the employment of Jane Red + Jane Bland.

15. Plaintiff requests $100,000.00 USD as compensatory

damages.

16. Plaintiff requests punitive damages against Jane Red and Jane Blonde, each in the amount of $25,000.00.

### VIII. SUPPLEMENTAL JURISDICTION

17. Plaintiff requests that this Court make use of Supplemental Jurisdiction over the following State Tort Claims:

(a) Assault and Battery against Defendant Jane Red
(b) Wanton infliction of emotional pain against Jane Red
(c) Negligence against all Defendants
(d) State Constitutional Tort of Cruel + Unusual Punishment against Jane Red
(e) State Constitutional Tort of Denial of a "Healthful Environment" (NY Const. Article 1 §16) against all Defendants

and award any further damages or injunctions which may be right and proper in the interest of Truth and Justice.

Signed this 17 Day of March, 2022.

MICHAEL ANDERSON BALENTINE, PRO SE

I DECLARE under penalty of perjury that the foregoing is true and correct.

Date: 3/17/2022

Michael Anderson Balentine
28 U.S.C. §1746

-7 of 7-