**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**MICHAEL ANDERSON BALENTINE,**

                                 **Plaintiff,**

    vs.                                                    **9:22-CV-285**
                                                           **(MAD/ML)**

**CALEIGH SHURGOT and ASHLEE GREEN,**

                                 **Defendants.**
_____

**APPEARANCES:**                                            **OF COUNSEL:**

**HODGSON, RUSS LAW FIRM**                    **CHRISTIAN SOLLER, ESQ.**
677 Broadway – Suite 401                          **SERA YOON, ESQ.**
Albany, New York 12207
Attorneys for Plaintiff

**OFFICE OF THE NEW YORK**                 **NICHOLAS W. DORANDO, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

       Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, alleging that on December 27, 2021, Defendant Caleigh Shurgot assaulted him, and Defendant Ashlee Green failed to intervene in violation of the Eighth Amendment. *See* Dkt. No. 10 at 3-5.

       Trial is scheduled to commence on October 16, 2023. In advance of trial, Plaintiff and Defendants have moved *in limine* to admit and/or preclude certain evidence. *See* Dkt. Nos. 36,

1

46. Plaintiff seeks to preclude evidence of the following: (1) Plaintiff's criminal history; (2) Plaintiff's disciplinary history; and (3) prior lawsuits brought by Plaintiff.  *See* Dkt. No. 36 at 2-6.  Defendants seek the following relief: (1) to admit evidence of Plaintiff's prior criminal acts; (2) to permit Defendants to cross examine Plaintiff about the essential facts of his criminal convictions; (3) to preclude evidence of a conspiracy; (4) to preclude evidence of Defendants' disciplinary histories, personnel files, and prior lawsuits; (5) to preclude evidence of other grievances filed against Defendants by non-party incarcerated individuals; (6) to preclude reference to a specific dollar amount of damages; (7) to preclude reference to indemnification; and (8) to preclude evidence related to dismissed claims.  *See* Dkt. No. 46 at 3-15.[1]  In their pre-trial brief, Defendants have also moved to dismiss Plaintiff's state law claims pursuant to New York Correction Law section 24.  *See* Dkt. No. 39 at 7-8.  Plaintiff's and Defendants' respond in opposition to each other's motions.  *See* Dkt. Nos. 53, 54, 55.

As set forth below, Plaintiff's and Defendants' motions are granted in part and denied in part.

## II. DISCUSSION

**A. Motions *in Limine***

A motion *in limine* enables the Court to make an advance ruling on the admissibility of certain anticipated trial evidence.  *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996).  "A court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds."

---

[1] In Defendants' preliminary statement, they contend that Plaintiff should be precluded from calling any non-party witnesses at trial.  *See* Dkt. No. 46 at 2.  However, Defendants did not include any argument pertaining to this issue in the body of their motion.  *See id.* at 3-15.  The Court is not required to consider arguments that are not briefed, and Defendants' motion is denied on this ground.

*Coleman v. Durkin*, 585 F. Supp. 3d 208, 212 (N.D.N.Y. 2022). Generally, all "[r]elevant evidence is admissible" unless otherwise provided by an Act of Congress, the United States Constitution, or the Federal Rules of Evidence. FED. R. EVID. 402. For instance, Rule 403 grants "the trial court broad discretion to exclude even relevant evidence if its probative value is substantially outweighed by the danger of confusion of the issues or if it would be needlessly cumulative." *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1193 (2d Cir. 1989) (citing FED. R. EVID. 403; *United States v. Carter*, 801 F.2d 78, 83 (2d Cir. 1986); *United States Martinez*, 775 F.2d 31, 37 (2d Cir. 1985)). Courts considering motions *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). The Court is also "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41-42.

### 1. *Plaintiff's Prior Convictions*

Plaintiff seeks to preclude evidence of his (1) 2019 conviction for promoting the sexual performance of a child; (2) 2004 conviction for promoting or possessing sexual performance by a child; and (3) prior convictions for petite larceny and criminal possession of a forged instrument. *See* Dkt. No. 36-1 at 2-5. Defendants seek to admit only Plaintiff's 2019 conviction. *See* Dkt. No. 46 at 3-8; Dkt. No. 54 at 1-2.

Federal Rule of Evidence 609 vests broad discretion in the district court to admit or exclude evidence of prior convictions. *See United States v. Pedroza*, 750 F.2d 187, 202 (2d Cir. 1984). Rule 609 provides that

3

> (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
>> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>>
>> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement.
>
>> (b) Limit on Using the Evidence After 10 Years. This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>>
>>> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
>>>
>>> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

FED. R. EVID. 609.

Under Rule 609(b), criminal convictions more than ten years old are not admissible "unless the court determines that, in the interest of justice, the probative value of the conviction substantially outweighs its prejudicial effect." *Walker v. Schult*, 365 F. Supp. 3d 266, 281-82 (N.D.N.Y. 2019) (citation omitted). "[W]hen convictions more than ten years old are sought to be introduced into evidence pursuant to Rule 609(b) the district judge should make an on-the-record determination supported by specific facts and circumstances that the probative value of the

evidence substantially outweighs its prejudicial effect." *United States v. Mahler*, 579 F.2d 730, 736 (2d Cir. 1978).  "'[C]onvictions over 10 years old [should] be admitted very rarely and only in exceptional circumstances,' as 'convictions over ten years old generally do not have much probative value.'" *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (second alteration in original) (quoting FED. R. EVID. 609(b), Advisory Committee's Note).

Plaintiff alleges that Defendant Shurgot called Plaintiff a "fagot rapo" after "he answered her truthfully" as to "what he was in prison for." Dkt. No. 10 at 3.  Plaintiff contends that his answer motivated Defendant Shurgot's use of force. *See id.* at 3-5.  Plaintiff's 2004 conviction for promoting or possessing sexual performance by a child is plausibly relevant to his claims as he does not specify precisely what he said to Defendant Shurgot.  However, Defendants do not seek to admit Plaintiff's 2004 conviction, and because the conviction is almost twenty years old, the probative value does not substantially outweigh its prejudicial effect.  S*ee* Dkt. No. 46 at 3-8.  As such, Plaintiff's motion is granted in this regard.

Second, Rule 609(a)

> requires district courts to admit the name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

*United States v. Estrada*, 430 F.3d 606, 621 (2d Cir. 2005) (citation omitted).  In "balancing probative value against prejudicial effect under [Rule 609], courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citing,

5

*inter alia*, *United States. v. Hayes*, 553 F.2d 824, 828 (2d Cir. 1977)).  "Although all of these factors are relevant, '[p]rime among them is [the first factor, *i.e.*,] whether the crime, by its nature, is probative of a lack of *veracity*.'"  *Brown*, 606 F. Supp. 2d at 312 (alterations in original) (quoting *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977)).

Defendants do not seek to admit Plaintiff's larceny and criminal possession of a forged document convictions.  *See* Dkt. No. 46 at 3-8.  "The crime of larceny is a crime of theft which bears upon credibility[.]"  *Diggs v. Guynup*, 621 F. Supp. 3d 315, 321 (N.D.N.Y. 2022) (citation omitted).  Similarly, as a conviction for forged documents concerns an act of deceit, it bears on Plaintiff's credibility.  *See Estrada*, 430 F.3d at 617.  However, neither party provides the dates of those convictions.  *See* Dkt. Nos. 36, 46.  As Defendants do not seek admission of the convictions and the Court is not aware of the dates of conviction, Plaintiff's motion is denied.

Defendants seek to admit Plaintiff's 2019 conviction for promoting the sexual performance of a child.  *See* Dkt. No. 46 at 3-8.  As to the first balancing factor, although Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness' propensity to testify truthfully, all Rule 609(a)(1) felonies are not equally probative of credibility.  *See Estrada*, 430 F.3d at 617-18.  "[C]rimes of violence" rank low "on the scale of probative worth on credibility[.]"  *Id.* at 618; *see also Thomas v. Leifeld*, No. 9:13-CV-321, 2018 WL 3387690, *2 (N.D.N.Y. July 12, 2018) ("[The p]laintiff's convictions for Rape in the First Degree, Attempted Rape in the First Degree, Sexual Abuse in the First Degree, Sexual Abuse in the Second Degree, and Assault in the Second Degree are not particularly probative as to honesty and veracity.").  "[C]rimes that involve evasions of responsibility or abuse of trust, a category that includes . . . even sexual abuse of children in [the witness's] care," tend to be "high on the scale" of "veracity-related crimes[.]"  *Id.*  Here, Plaintiff's 2019 conviction falls more on the side of an evasion of

trust or responsibility-related crime than a violent or assaultive crime. Thus, the conviction is probative of his credibility. Moreover, Plaintiff alleges that this conviction was part of Defendant Shurgot's motivation for assaulting him. *See* Dkt. No. 10 at 3-4. As such, this evidence is directly relevant to Plaintiff's claims.

As to the second factor, Plaintiff was convicted in 2019. *See* Dkt. No. 46-1 at 5. As the conviction is recent, this factor weighs in favor of admission.

"The third criterion, similarity of the crimes, deals with the similarity of the charged crimes, or the incident at issue in the pending case, to the conviction. The less similar the pending case to the prior conviction, the less prejudicial its admission is." *Somerville v. Saunders*, No. 9:11-CV-556, 2014 WL 272415, *9 (N.D.N.Y. Jan. 24, 2014) (citation and quotation marks omitted). "On the other hand, a conviction for a crime that bears a close resemblance to actions alleged in the current case might cause 'unfair prejudice to the party against whom they are offered by suggesting that the party has a propensity to commit such acts.'" *Id.* (quoting *Lewis v. Velez*, 149 F.R.D. 474, 483 (S.D.N.Y. 1993)). Here, there is no similarity between Plaintiff's conviction and the conduct at issue in this trial. As such, this factor weighs in favor of admission.

Finally, it is undisputed that Plaintiff's credibility is a central issue in this case. "[W]here the credibility of a given witness is particularly important because there is little other documentary or supporting evidence and 'success at trial probably hinges entirely on [the witness's] credibility with the jury,' the fourth factor weighs in favor of admission of the prior conviction." *Somerville*, 2014 WL 272415, at *9 (quoting *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 544 (E.D.N.Y. 2011)). Therefore, this factor weighs in favor of admitting the 2019 conviction for impeachment purposes pursuant to Rule 609.

In addition to the factors discussed above, the Court must also consider the standard Rule 403 factors: "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Here, these factors also weigh in favor of permitting Defendants to question Plaintiff regarding the statutory name and date of his 2019 conviction. Limiting the evidence to the statutory name and date of conviction reduces any risk of unfair prejudice.

Based on the foregoing considerations, the Court finds that the probative value of the name and date of Plaintiff's 2019 felony conviction outweigh the prejudicial effect of this evidence. *See Young v. Calhoun*, No. 85-CV-7584, 1995 WL 169020, *4 (S.D.N.Y. Apr. 10, 1995) ("As plaintiff's complaint concerns events that occurred during his incarceration [ ], the jury will be informed that plaintiff has been convicted of a crime by the very nature of the case"). However, the probative value of the facts of the underlying conviction is substantially outweighed by the danger of unfair prejudice. *See Brown*, 606 F. Supp. 2d at 312 ("In the Second Circuit, it is within the discretion of the district courts to further limit the evidence of the prior conviction to exclude the nature or statutory name of the offense"). Of course, if Plaintiff opens the door on this issue by attempting to bolster his own credibility or raising the issue of his underlying conviction, Defendants will be permitted to cross-examine him on the relevant details of the conviction. Based on the foregoing, this aspect of Plaintiff's and Defendants' motions *in limine* is granted in part and denied in part.

**2.** *Plaintiff's Disciplinary History; and Defendants' Disciplinary Histories, Personnel Files, and Grievances*

Plaintiff and Defendants seek to preclude evidence of their respective disciplinary histories. *See* Dkt. No. 36-1 at 5; Dkt. No. 46 at 10-11. Defendants also seek to preclude

8

evidence of their personnel files and grievances filed against them by non-party incarcerated individuals. *See* Dkt. No. 46 at 10-11.

Rule 404(b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). The Rule "prohibits the introduction of character evidence to show that an individual has a certain predisposition, and acted consistently with such predisposition during the event in question." *Starmel v. Tompkin*, 634 F. Supp. 3d 41, 46 (N.D.N.Y. 2022) (citation omitted). However, such evidence may be admissible if offered for a different purpose "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," subject to a Rule 403 analysis. FED. R. EVID. 404(b)(2). Thus, "[c]ourts may admit evidence of prior bad acts if the evidence is relevant to an issue at trial other than the [person's] character, and if the probative value of the evidence is not substantially outweighed by the risk of unfair prejudice." *United States v. Barret*, 677 Fed. Appx. 21, 23 (2d Cir. 2017) (citation and quotation marks omitted).

"In particular, disciplinary records of a state ward plaintiff, *e.g.*, a prison inmate or psychiatric patient, are almost always inadmissible." *Starmel*, 634 F. Supp. 3d at 46 (citation omitted). "Complaints against officers are [also] not probative of a . . . witness's truthfulness or untruthfulness unless the underlying conduct involves dishonesty." *Bryant v. Serebrenik*, No. 15-CV-3762, 2017 WL 713897, *2 (E.D.N.Y. Feb. 23, 2017) (citing *United States v. Horsford*, 422 Fed. Appx. 29, 30 (2d Cir. 2011)).

In response to Plaintiff's motion *in limine*, Defendants assert that they do not intend to introduce evidence of Plaintiff's disciplinary history unless Plaintiff opens the door to discussions of his behavior. *See* Dkt. No. 54 at 3. Plaintiff does not provide the Court with any disciplinary

9

records, personnel files, or grievances that he seeks to introduce into evidence. *See* Dkt. No. 55. Accordingly, this aspect of the parties' motions is denied.

### 3. *Prior Lawsuits*

Both parties move to preclude evidence of prior lawsuits. *See* Dkt. No. 36-1 at 5; Dkt. No. 46 at 11. "It is well settled that it is improper for a court to admit evidence of prior lawsuits for the purpose of demonstrating that a plaintiff is a 'chronic litigant.'" *Hickey v. Myers*, No. 09-CV-01307, 2013 WL 2418252, *4 (N.D.N.Y. June 3, 2013) (quoting *Outley v. City of New York*, 837 F.2d 587, 591-93 (2d Cir. 1998)). "Prior lawsuits have been found admissible at trial, however, if they are offered for purposes other than to prove a party's litigiousness." *Id.* (citations omitted).

Neither party states that it intends to offer evidence concerning other lawsuits. *See* Dkt. No. 54 at 3; Dkt. No. 55. As such, the Court denies this aspect of both motions *in limine*.

### 4. *Conspiracy*

Defendants contend that, because Plaintiff has not advanced a conspiracy claim, he should be precluded from eliciting testimony or argument that Defendants, their peers, or employer conspired to harm Plaintiff. *See* Dkt. No. 46 at 8-10. The Court agrees.

Any evidence of a conspiracy is irrelevant, as it has no tendency to make a fact "more or less probable than it would be without the evidence" and is of "no consequence in determining the action." FED. R. EVID. 401. Plaintiff has implicated a finite number of Defendants with specific motivations, and he does not have a conspiracy claim before the Court. Moreover, even if such evidence was relevant, it is nonetheless subject to preclusion because its probative value is "substantially outweighed" due to "unfair prejudice." FED. R. EVID. 403. Any discussion of an alleged conspiracy would confuse the issues and mislead the jury. Accordingly, the Court grants this aspect of Defendants' motion *in limine*.

### 5. *Damages*

Defendants seek to preclude Plaintiff's counsel from presenting a specific dollar amount of damages to the jury. *See* Dkt. No. 46 at 13. Defendants argue that permitting a party to request a specific dollar amount is generally disfavored. *See id.* In response, Plaintiff argues that he should be permitted to request a specific dollar amount because there is no *per se* prohibition on doing so. *See* Dkt. No. 55. "While specifying target amounts for the jury to award is disfavored, [t]he determination of whether to allow a plaintiff to request a specific damage amount from the jury is within the court's discretion." *Brown v. Cornell*, No. 9:17-CV-01036, 2021 WL 2711511, *9 (N.D.N.Y. July 1, 2021) (citation and quotation marks omitted) (alteration in original).

The Court "is not inclined at this time to preclude Plaintiff from offering a specific dollar amount regarding [] damages to the jury at closing." *Brown*, 2021 WL 2711511, at *9. "[T]he Court will provide the jurors with a limiting instruction stating that the amount provided by Plaintiff is not evidence but only a suggestion as to the amount, if any, to be awarded." *Id.* (citing *Sokolow v. Palestine Liberation Org.*, No. 04-CV-397, 2015 WL 13675738, *3 (S.D.N.Y. Aug. 24, 2015). Accordingly, the Court denies this aspect of Defendants' motion *in limine*.

### 6. *Indemnification*

Defendants argue that Plaintiff should be prohibited from discussing potential indemnification of Defendants should the jury find one or both Defendants liable. *See* Dkt. No. 46 at 14. Defendants argue it is irrelevant and prejudicial. The Court agrees. Reference to potential indemnification would be unduly prejudicial and is irrelevant. All references to indemnification or potential indemnification will be precluded. *See Nunez v. Diedrick*, No. 14-CV-4182, 2017 WL 4350572, *2 (S.D.N.Y. June 12, 2017) (holding that "the Court, like several other district judges in this Circuit, finds that references to . . . potential indemnification

obligations would serve no probative value and potentially cause unwarranted prejudice"); *see also Coleman*, 585 F. Supp. 3d at 217 ("The Court agrees with [d]efendants that, during the upcoming trial, indemnification would not be relevant to any issue before the jury and would run a significant risk of unfairly prejudicing [d]efendants").[2]

### 7. *Dismissed Claims*

Defendants seek preclusion of evidence "relating to Plaintiff's various claims that the Court has already dismissed on IFP review and on Defendants' prior motions." Dkt. No. 46 at 14 (citing Dkt. Nos. 6, 11).

Previously dismissed claims are not relevant to the issues which will be presented at trial. *See Diggs*, 621 F. Supp. 3d at 325-26 (citation omitted) ("[T]he Court agrees with [d]efendant that evidence relating solely to previously dismissed claims is irrelevant to the issues remaining for trial and is therefore inadmissible"). Plaintiff does not respond to this aspect of Defendants' motion, but as dismissed claims are not relevant to the remaining issues in the case, the Court grants this part of Defendants' motion.

### 8. *State Law Claims*

In their pre-trial brief, Defendants argue that Plaintiff's state law assault, battery, and intentional infliction of emotional distress ("IIED") claims must be dismissed pursuant to New York Correction Law section 24 because Defendants were acting within the scope of their employment at all relevant times. *See* Dkt. No. 39 at 7-8. In response, Plaintiff notes that

---

[2] Should the jury find that Plaintiff is entitled to an award of punitive damages, Plaintiff may be permitted to introduce evidence relating to an indemnification agreement. *See Mathie v. Fries*, 121 F.3d 808, 816 (2d Cir. 1997) ("Although we do not decide the question of whether a fact-finder can rely upon the existence of an indemnity agreement in order to *increase* an award of punitive damages, we rule that a fact-finder can properly consider the existence of such an agreement as obviating the need to determine whether a defendant's limited financial resources justifies some *reduction* in the amount that would otherwise be awarded.").

Defendants failed to raise this defense in their answer or a pre-trial dispositive motion.  *See* Dkt. No. 53 at 4.  Plaintiff then argues that section 24 is inapplicable to Plaintiff's state law claims because Defendants were acting for purely personal reasons which were outside the scope of their employment.  *See id.* at 4-5.

New York Correction Law section 24 states,

> No civil action shall be brought in any court of the state, except by the attorney general on behalf of the state, against any officer or employee of the department, which for purposes of this section shall include members of the state board of parole, in his or her personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee.

N.Y. Correct. Law § 24(1).  "The statute 'provides DOCCS employees immunity from lawsuits based on acts or omissions within the course of their employment.  Such actions must be brought in the New York Court of Claims as a claim against the state.'"  *Balentine v. Anzalone*, No. 9:21-CV-1383, 2023 WL 4905093, *3 (N.D.N.Y. July 12, 2023) (quoting *Purcelle v. Thomas*, 9:18-CV-77, 2020 WL 1516421, *15 (N.D.N.Y. Mar. 6, 2020)).  "[A]n employee's actions are deemed to be within the scope of their employment when 'the act was done while the servant was doing his master's work, no matter how irregularly, or with what disregard of instructions.'"  *Francis v. Fiacco*, No. 9:15-CV-00901, 2016 WL 3448617, *4 (N.D.N.Y. June 20, 2016) (quoting *Ierardi v. Sisco*, 119 F.3d 183, 187 (2d Cir. 1997)).

> For purposes of New York Correction Law [section] 24, the courts have looked to the following factors to determine whether actions fall within the actor's scope of employment:
>
> > the connection between the time, place and occasion for the act; the history of the relationship between employer and employee as spelled out in actual practice; whether the act is one commonly done by any employee; the extent of departure from normal methods of performance; and

>     whether the specific act was one that the employer could
>     reasonably have anticipated.

*Id.* (quoting *Ierardi*, 119 F.3d at 187). "Employees . . . are not found to be acting within their employment scope when their conduct, while in the course of employment, is for purely personal reasons unrelated to the employer's interests and a substantial departure from the normal methods of performing [their] duties." *Balentine*, 2023 WL 4905093, at *3 (citations and quotation marks omitted).

Here, Plaintiff alleges that Defendant Shurgot called him a "faggot rapo," kicked him, and slapped him while she was conducting a pat frisk. Dkt. No. 10 at 3-4. The majority of cases to consider the issue have concluded that assault, battery, and IIED claims cannot proceed under section 24 where the allegations relate to a defendant's conduct that occurred while he or she was on duty as a corrections officer, interacting with an incarcerated individual. *See, e.g.*, *Solano v. New York*, No. 9:20-CV-01378, 2021 WL 4134793, *9-10 (N.D.N.Y. Sept. 10, 2021); *Flint v. Jun*, 541 F. Supp. 3d 284, 288 (W.D.N.Y. 2021); *Purcelle v. Thomas*, No. 9:18-CV-77, 2020 WL 1516421, *15 (N.D.N.Y. Mar. 6, 2020); *Mann v. Martingano*, No. 9:19-CV-478, 2020 WL 872441, *6 (N.D.N.Y. Jan. 30, 2020); *James v. Doty*, No. 9:17-CV-1145, 2019 WL 1474309, *7 (N.D.N.Y. Jan. 4, 2019); *Robinson v. Tillotson*, No. 16-CV-5420, 2018 WL 4682226, *8 (S.D.N.Y. Sept. 27, 2018); *Nix v. Lester*, No. 9:16-CV-00828, 2017 WL 3610576, *12 (N.D.N.Y. Aug. 4, 2017); *see also Balentine*, 2023 WL 4905093, at *4 (citations omitted) ("Immunity under N.Y. Correction Law section 24 has been applied numerous times in the context of an IIED claim. However, other '[c]ourts that have considered the issue have held that personal harassment unrelated to an employee's assigned duties does not entitle a corrections department employee to Section 24 immunity'").

The few cases which have allowed state law claims to proceed against corrections officers relate to conduct beyond the use of a derogatory slur and/or the use of force during a routine prison procedure.  For example, *Ierardi* concerned a DOCCS employee who was sexually harassed and touched by a DOCCS corrections officer.  *See Ierardi*, 119 F.3d at 185.  The Second Circuit concluded that the corrections officer was not acting within the scope of his employment because the "purported sexual harassment . . . was not undertaken in the discharge of his duties.  He was not 'doing [his] employer's work.'" *Id.* at 188 (quoting *Gore v. Kuhlman*, 217 A.D.2d 890, 890 (3d Dep't 1995)).

In *Ozzborn v. New York*, the plaintiff was "singled out [] for a 'random' pat frisk[,]" the defendant planted a weapon on the plaintiff, and the defendant placed the plaintiff in solitary confinement.  *Ozzborn v. New York*, No. 9:17-CV-1039, 2018 WL 3104448, *1 (N.D.N.Y. June 22, 2018).  The Court concluded that the state law assault, battery, and false imprisonment claims were not barred under section 24 because "planting a weapon on an inmate is not an act commonly performed by a prison guard" and "such conduct is clearly a radical departure from a prison guard's 'normal methods of performance.'" *Id.* at *5 (citation omitted).  Additionally, the Court noted that "it is not reasonably foreseeable that a guard, whose duties include keeping contraband out of the hands of inmates, would smuggle a weapon into the prison for the purpose of planting it on an inmate." *Id.*

Here, in the context of a corrections officer and an incarcerated individual in a prison, it is reasonably foreseeable for a corrections officer to conduct a pat frisk of an incarcerated individual before allowing that individual to enter a new cell block.  This is an act commonly performed.  It is also reasonably foreseeable that a corrections officer would inquire about the crime which resulted in the incarcerated individual's imprisonment and to order them to stand "on the wall" to

conduct a pat frisk. Dkt. No. 10 at 4. Although an unprovoked assault is not "is not the ordinary conduct of a DOCCS employee[,]" *Tranchina*, 2018 WL 3037377, at *3, because Defendant Shurgot's alleged conduct occurred within the scope of her typical duties as a DOCCS' employee, the Court concludes that the claims against her are barred under section 24. *See Balentine*, 2023 WL 4905093, at *6 (collecting cases) ("Many of the cases which have held that section 24 bars a plaintiff's IIED claim relate to uses of physical force by correctional officers during an allegedly provoked attack and/or concern the medical care that the plaintiff received"); *see also Robinson*, 2018 WL 4682226, at *1, *8 (concluding that the plaintiff's state law claims were barred under section 24 where they related to an alleged assault and battery during a pat frisk upon admission into the suicide watch program inside a prison). Thus, Plaintiff's state law claims against Defendant Shurgot are dismissed.

As to Defendant Green, in his pre-trial brief, Plaintiff does not argue that Defendant Green was acting outside the scope of her employment. *See* Dkt. No. 53 at 4-5. Plaintiff's argument concerning section 24 relates only to Defendant Shurgot. *See id.* at 5. Regardless, it is undisputed that Defendant Green was working as a DOCCS employee at the time she was observing Defendant Shurgot conduct the pat frisk. The act of observing another correction officer conduct a pat frisk is one commonly done by a DOCCS employee and is one that could reasonably have been anticipated. Plaintiff has not alleged that Defendant Green engaged in any conduct that constitutes a substantial departure from normal employment practices. Plaintiff does allege that Defendant Green said, "I don't understand why they keep sending these fu**ing guys here." Dkt. No. 10 at 4. This could indicate that she failed to intervene for personal or harassing reasons. However, because Plaintiff has not alleged that Defendant Green engaged in conduct that is a substantial departure from normal methods of performance, the Court finds that section

16

24 bars any state law claims against Defendant Green.  As such, Plaintiff's state law claims against Defendant Green are dismissed.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, Plaintiff's submissions, Defendants' submissions, and the applicable law, and for the reasons set forth above, the Court hereby

**ORDERS** that Plaintiff's motion *in limine* (Dkt. No. 36) is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that Defendants' motion *in limine* (Dkt. No. 46) is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that Plaintiff's state law claims are dismissed;[3] and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 11, 2023
       Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[3] Dismissal of Plaintiff's state law claims is without prejudice to him filing the claims in the appropriate state court.  The Court makes no determination about Plaintiff's ability to successfully bring those claims.