UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MICHAEL ANDERSON BALENTINE, | **STIPULATION AND ORDER OF DISCONTINUANCE PURSUANT TO RULE 41(A)** |
| *Plaintiff,* | |
| -against- | |
| | 9:22-cv-00285 |
| CALLEY SHURGOT AND ASHLEE GREEN, | (MAD) / (ML) |
| *Defendants.* | |

---

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, MICHAEL A. BALENTINE ("Plaintiff"), his attorney Sera Yoon, and CALLEY SHURGOT AND ASHLEE GREEN ("Defendants"), and their attorneys, parties to the above-entitled action (the "Action"), that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of this Action, this Action be and the same hereby is settled on the particular circumstances of this case, on the following agreed-upon terms and conditions, and shall have no precedential value in any other cases either between the parties to this case or any other parties:

1. Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, Plaintiff hereby discontinues this Action, inclusive of all outstanding substantive claims, with prejudice and without damages, costs, interest or attorney's fees, under the conditions described in Paragraph 4 of this agreement, as against the Defendants, the New York State Department of Corrections and Community Supervision ("DOCCS") and the State of New York, including its agencies, subdivisions, employees, private contractors or assignees, of any and all claims, demands, or causes of action, known or unknown, now existing or hereafter arising, whether presently asserted

or not, which relate in any way to the subject matter of this action, and further agrees to discontinue and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any litigation, appeal or claim against the Defendants and others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned actions, or any results of the aforementioned facts, circumstances or incidents.

2. The parties agree that no provision of this Stipulation shall be interpreted to acknowledge the validity of any allegations or claims raised during this Action.

3. This settlement does not constitute a determination of, or admission by any party to any underlying allegations, facts, or merits of their respective positions. The settlement of this Action is limited to the circumstances in this case, including the remaining substantive claims, alone and shall not be given effect beyond the specific provisions stipulated hereto. This settlement does not form and shall not be claimed as any precedent for or an agreement by the parties to any generally applicable policy or procedure in the future.

4. Following the execution of this Stipulation, and its being so ordered by the Court, Plaintiff will be paid the total sum of ONE THOUSAND DOLLARS ($1,000.00) in full settlement of any and all claims made in the Action, which amount includes all sums to which Plaintiff is entitled, including but not limited to damages, costs, and attorneys' fees. The payment of said settlement will be made by check payable to Michael A. Balentine and mailed to his Counsel for the Action, at HODGSON RUSS, LLP, 677 Broadway, Suite 401, Albany, NY 12207.

5. This settlement payment shall be made in full satisfaction of any and all claims, costs or fees related to the Action. In full consideration of the payment of the sum set forth above, the Plaintiff hereby releases Defendants and any and all current and former employees or agents of

DOCCS in his/her/their individual and official capacities, and his/her/their heirs, executors, administrators and assigns and the State of New York and DOCCS from any and all claims, liabilities and causes of action arising out of the circumstances set forth in the operative complaints in the Action, including but not limited to claims relating to or arising out of any alleged violation of Plaintiff's constitutional rights, and all other causes of action and claims of liability.

6. In addition, Plaintiff agrees to discontinue the following actions: <u>Balentine v. Doe, et al</u>, 21-CV-1383 (NDNY) and <u>Balentine v. State of New York</u>, Oneida County, New York Court of Claims – Utica – Claim No. 137701, with prejudice, and execute a separate document discontinuing those lawsuits which can be filed once executed by Plaintiff and "so ordered" by the Court, and that the provisions of paragraph 2 above shall be applicable to such discontinuances. It is agreed and understood among the parties and Court that Plaintiff's Counsel for the above-entitled action does not represent Plaintiff in these actions and Plaintiff, proceeding pro se, agrees to discontinue these actions on his own accord without any input from his counsel.

7. Payment of the amount specified in paragraph 4 is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law. Plaintiff agrees to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval effectuating payment. Such documentation will be mailed to counsel for the Plaintiff by agents of the Defendant responsible for the administrative processing of the settlement paperwork.

8. Payment of the amount in Paragraph 4 will be made within one hundred and twenty (120) days after the approval of this Stipulation by the Court, unless the provisions of Chapter 62 of the Laws of 2001 apply to Plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred twenty (120) day payment

period shall be extended by an additional thirty (30) days to allow for compliance with that law.

9. This stipulation shall be null and void if the approvals referred to in Paragraph 7 are not obtained, and the Action shall then be placed back on the active docket without prejudice.

10. In the event that the terms of Paragraph 7 are satisfied, but payment is not made within the 120-day or 150-day period set forth in Paragraph 8, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 121st day after court approval or the 151st day after court approval if the provisions of Chapter 62 of the Laws of 2001 apply to Plaintiff.

11. Plaintiff represents and warrants that he is not a Medicare recipient, that he has never been on Medicare or Social Security Disability, that no conditional payments have been made by Medicare, and that he does not expect to be a Medicare recipient within the next thirty (30) months.

12. This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

13. The foregoing constitutes the entire agreement of the parties.

Dated: Albany, New York  
     January 4 , 2024

Letitia James  
Attorney General of the State of New York

By: _____  
Nicholas W. Dorando  
Assistant Attorney General, of Counsel  
*Attorneys for Defendants*  
The Capitol  
Albany, New York 12224-0341

Dated: Albany, New York
December 29, 2023

By: _____
Sera Yoon, Esq.
HODGSON RUSS, LLP
*Counsel for Plaintiff*
677 Broadway, Suite 401
Albany, NY 12207

Dated: Rochester, New York
12/28, 2023

By: _____
Michael Anderson Balentine, Plaintiff
15 Phelps Avenue, Apt 4
Rochester, NY 14606

Dated: Albany, New York
1/10/2024, 2023

SO ORDERED:

_____
**THE HONORABLE MAE A. D'AGOSTINO**
UNITED STATES DISTRICT COURT JUDGE

5